UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20255-WPD/HUNT

UNITED STATES OF AMERICA

v.

PATRICK BOYD and
CHARLES BOYD,

      **Defendants.**
_____/

**UNITED STATES' MOTION TO EXCLUDE CROSS-EXAMINATION OF WITNESS REFERENCING INADMISSIBLE, SELF-SERVING HEARSAY**

Comes now, the United States of America, through its undersigned counsel, and files this Motion to Exclude Cross-Examination of Witness Abigail Divilio Referencing Inadmissible, Self-Serving Hearsay. The basis for this motion is as follows:

1. The Defendants' former Director of Compliance, Abigail Divilio, is currently testifying, and the government anticipates completing her direct examination tomorrow. The defense will then begin its cross-examination of Ms. Divilio.

2. One of the Frier Levitt attorneys who provided advice to the Defendants during the early part of the conspiracy period is Attorney J.M. According to Frier Levitt billing records and privileged documents, Attorney J.M. communicated only with Defendant Charles Boyd on October 13-14, 2020.[1] For example, a document the government anticipates introducing through Ms. Divilio is an email that was forwarded by Charles Boyd to Ms. Divilio on November 25,

---

[1] It is possible that Defendant Patrick Boyd participated in these specific conference calls, it is not clear from the documents that he did. But that possibility cannot be excluded based on the limited information the government has at this point.

2020, after the Defendants received a letter from Gilead alleging they were distributing counterfeit Gilead HIV medication. The emails at the bottom of the thread, dated October 13-14, 2020, only involve Charles Boyd communicating with Attorney J.M. – not Ms. Divilio.[2] Frier Levitt billing records show that Attorney J.M. and Attorney M.M.R. had calls with Charles Boyd on October 14, 2020, concerning questions Charles Boyd posed to Attorney J.M. on October 13, 2020.[3] Charles Boyd posed these questions to Attorney J.M. after Ms. Divilio had confirmed two versions of Boulevard 9229 LLC's T3s were false. In his email to Attorney J.M. seeking legal advice, Charles Boyd omitted material facts and information. These questions relate to the central issues in this case – falsified T3s and the Defendants' conspiracy to defraud the FDA – and go to the heart of the Defendants' likely good faith reliance on counsel defense.

3. There is no indication in the billing entries or documents that Ms. Divilio participated in these calls or was otherwise included in these communications until after Gilead sent the Defendants a letter on November 23, 2020. In fact, Charles Boyd sent Ms. Divilio a Microsoft Teams message on October 14, 2020, stating: "Just had a good talk with Frier. I'll call you after lunch to discuss."

4. Attorney J.M. passed away prior to Charles Boyd forwarding his privileged communications with Attorney J.M. and Attorney M.M.R. on November 25, 2020.

---

[2] Attorney J.M. forwards Charles Boyd's questions regarding T3 requirements and the requirement to file an FDA Form 3911 to Attorney M.M.R., who provides a response by email, which is then forwarded to Charles Boyd by Attorney J.M.

[3] The October 14, 2020 billing entry states: "Review, analyze and respond to emails. Review matter status with MMR. Call with Charlie Boyd and MMR. Direct further action." Another billing entry that same date states: "Research and respond to FDA related queries pertaining to T3 requirements; FDA form 3911 and recalls; client meeting (1 hr)."

5. The government respectfully moves this Court to preclude the defense from, during Ms. Divilio's cross-examination, referring to (1) any statements Charles Boyd may or may not have made during phone calls with attorneys that she did not participate in; and (2) any statements Attorneys J.M. and/or M.M.R. may or may not have made during those same phone calls. Any such line of cross-examination would necessarily involve the inadmissible, self-serving hearsay of Charles Boyd and/or the inadmissible hearsay of the deceased attorney or Attorney M.M.R. and would be impossible for the government to rebut on re-direct with Ms. Divilio. The only purpose of such questioning would be to introduce self-serving hearsay statements Charles Boyd may or may not have made during those calls and/or what Attorneys J.M. and M.M.R. may or may not have said in response.

6. Such a line of cross-examination would also mislead the jury by leaving it with the impression that Charles Boyd provided complete information to Attorneys J.M. and M.M.R. during those phone calls and/or that Attorneys J.M. and M.M.R. provided advice countenancing the Defendants' continued purchases of diverted HIV drugs from Boulevard 9229 LLC. The government files this motion preemptively because once the jury hears any questioning of this nature, no curative instruction would be sufficient to cure the prejudice caused. For these reasons, the Court should preclude the defense from pursuing this line of cross-examination with Ms. Divilio.

7. On September 20, 2025, undersigned counsel sought defense counsel's position on this motion by email but did not receive a response.

**Dated**: September 21, 2025                    Respectfully submitted,

                                                JASON A. REDING QUIÑONES
                                                UNITED STATES ATTORNEY

LORINDA LARYEA, ACTING CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

By: */s/ Alexander Thor Pogozelski*
Alexander Thor Pogozelski
Assistant United States Attorney
Florida Special Bar No. A5502549
99 Northeast 4th Street
Miami, Florida 33132
Tel: (786) 649-5251
Email: Alexander.Pogozelski@usdoj.gov

*/s/ Jacqueline Zee DerOvanesian*
Jacqueline Zee DerOvanesian
Trial Attorney
Florida Bar No. 125662
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, D.C. 20005
Tel: (202) 285-9285
Email: Jacqueline.DerOvanesian@usdoj.gov

## CERTIFICATE OF SERVICE

I, Alexander Thor Pogozelski, hereby certify that on September 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Alexander Thor Pogozelski*
Alexander Thor Pogozelski