UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20255-DIMITROULEAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| CHARLES BOYD, | |
| Defendant. | |

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Charles Boyd (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On June 18, 2024, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to introduce adulterated and misbranded drugs and to defraud the United States in violation of 18 U.S.C. § 371, in Counts 2-3 with introduction of a misbranded drug into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(2), in Count 4 with conspiracy to traffic in medical products with false documentation in violation of 18 U.S.C. § 670, in count 5 with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, and in counts 6-8 with wire fraud in violation of 18 U.S.C. § 1343. Indictment, Dkt. No. 10. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of a violation of 21 U.S.C. § 331, the Defendant shall forfeit any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7). *See id.* at 17. The Indictment further alleged that upon conviction of a violation of 18 U.S.C. § 1343 or 1349, the Defendant shall forfeit any property, real or personal,

which constitutes or is derived from proceeds traceable to such offense pursuant to 18 U.S.C. § 981(a)(1)(C).[1] *Id.*

On October 29, 2025, after a trial, a jury returned a verdict convicting the Defendant on counts 1-5 and 7-8. *See* Trial Minute Entries, Dkt. No. 175, 176, 177, 179, 183, 184, 187, 190, 191, 192, 199, 201, 203, 207, 208, 209, 210; Jury Verdict, Dkt. No. 214.

Defendant was convicted of conspiracy to commit wire fraud related to the sale of adulterated and misbranded HIV medications between April 2020 and August 2021, through a company that Defendant was the partial owner of, Safe Chain Solutions, LLC ("Safe Chain"). Indictment, Dkt. No. 10; Jury Verdict, Dkt. No. 214. These misbranded drugs were eventually resold to individual consumers by pharmacies, which typically billed health care benefit programs as defined by 18 U.S.C. § 24(b). *Id.*

At trial, the Government introduced Government's Exhibit 295A, 303B, and 40L into evidence, which showed that Safe Chain incurred approximately $92,000,000.00 in expenses for

---

[1] The Indictment cited to the incorrect forfeiture statute. Because the wire fraud offenses affected a health care benefit program, the correct forfeiture statute is 18 U.S.C. § 982(a)(7). "The court, in imposing a sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.SC. § 982(a)(7). A "Federal health care offense" is defined as a violation of 18 U.S.C. § 1343, or a conspiracy to commit such an offense, among other offenses, if the violation relates to a "health care benefit program." 18 U.S.C. § 24(a)(2). Section 24(b), of Title 18, defines "health care benefit program" as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract."

A citation to an incorrect forfeiture statute in the forfeiture allegations of an indictment does not prevent the United States from later seeking forfeiture in that matter so long as the defendant is adequately informed of the property subject to forfeiture. *See United States v. Wall*, 285 F. App'x 675, 684 (11th Cir. 2008) (holding that an indictment that improperly cited § 982(a)(2) instead of §§ 981(a)(1)(C) and 2461(c) was sufficient to put defendants on notice that government was seeking forfeiture of the proceeds of the mail and wire fraud offenses).

the purchase of diverted HIV medications. Dkt. No. 229 and 233.

Attachment A is an application for electronic payment processing, which was signed by the Defendant. Attachment A shows that Defendant claimed a 23.75% ownership interest in Safe Chain. Therefore, Defendant earned approximately $21,850,000.00 in gross proceeds as a result of his participation in the above-described offense.

Based on the record in this case, the total value of the gross proceeds traceable to Count 5 is $21,850,000.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1.     Pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $21,850,000.00 is hereby entered against the Defendant.

2.     The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4.      The Court shall retain jurisdiction in this matter for the purpose of enforcing this

Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property when

identified.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this ___13___ day of _March_

_____ 202_6_.

_____

WILLIAM P. DIMITROULEAS
UNITED STATES DISTRICT JUDGE

4